NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-714

COMMONWEALTH

vs.

KEVIN A.CUMMINGS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial, the defendant was convicted of one count of threatening to commit a crime under G. L. c. 275, § 2.[1]  On appeal, the defendant contends that the judge erred in denying his motion for a required finding of not guilty because the Commonwealth failed to establish his identity as the perpetrator as well as the other essential elements of the offense.  We affirm.

Discussion.  We review the denial of a defendant's motion for a required finding of not guilty to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

_____

[1] The defendant was also charged with assault and battery on a household member, subsequent offense, under G. L. c. 265, § 13M (b).  This charge was dismissed for failure to prosecute.

essential elements of the crime beyond a reasonable doubt."[2] Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  To sustain a conviction for threatening to commit a crime under G. L. c. 275, § 2, the Commonwealth was required to prove beyond a reasonable doubt that the defendant expressed an intention to inflict a crime on another person and had the "ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat."  See Commonwealth v. Haverhill, 459 Mass. 422, 426-427 (2011), quoting Commonwealth v. Sholley, 432 Mass. 721, 724-725 (2000).

Here, the Commonwealth presented evidence that police were dispatched to a specific apartment within a building in Saugus. Three officers responded to the fourth floor apartment where the loud screaming of a male voice and a female voice could be heard coming from within the apartment.  The male voice said, "I'll

---

[2] "Because the defendant moved at the close of the Commonwealth's case for a required finding of not guilty, we assess the evidence as it stood at that point." Commonwealth v. Sanders, 101 Mass. App. Ct. 503, 508 n.7 (2022).  While the defendant renewed his motion at the close of all the evidence, the defendant's brief is couched in terms of the insufficiency of the Commonwealth's evidence.  In any event, viewing the evidence at the close of all the evidence in the light most favorable to the Commonwealth, the defense's theory at trial -- that the defendant had a seizure and did not recall the incident -- did not deteriorate the Commonwealth's position as to proof after it closed its case.  See Commonwealth v. Bacigalupo, 455 Mass. 485, 490 (2009).

fucking kill you[,] you cunt," and the female voice responded something back. The officers then knocked and announced their presence. A short time later, thirty to forty-five seconds, the defendant opened the apartment door. The officers secured the defendant and cleared the apartment, where they found a woman remaining and no one else. Thus, the facts allowed the judge to infer that the defendant threatened to kill the woman.

The defendant contends nevertheless that the evidence was insufficient to establish that he was the one who uttered the statement constituting the threat, because there was no voice identification procedure matching his voice to the one heard by the police making the threatening statement. But no such procedure was necessary where the officers could hear that the statement was made by a male voice from within the apartment and the defendant was the only man who emerged from the apartment seconds after the threat was made. The defendant's answer to this commonsense deduction is that the woman in the apartment could have possessed the male-sounding voice that the police heard making the threat.[3] In the light most favorable to the Commonwealth, however, the facts lead to the reasonable

---

[3] Had there been any evidence that the woman had a male-sounding voice, the defendant was free to explore this on cross-examination but did not. Indeed, the prospect that the woman could have been the one making the threat was not raised at trial.

inference that the defendant made the threat.  See Davis v. Commonwealth, 491 Mass. 1011, 1013 (2023) (where identity of assailant was based on circumstantial evidence, all reasonable inferences were to be drawn in favor of commonwealth on review).

The defendant next contends that, even if he had made the statement, the Commonwealth failed to establish that the defendant expressed an intention to commit a crime against another person.  He argues that the statement "I'll fucking kill you" could have been an expression of frustration, directed at a television that failed to work.  However, the loud back and forth yelling which preceded the threat tends to negate the theory that the threat was an expression of exasperation at an inanimate object.  Moreover, that the threat was followed up with "you cunt," leads to a reasonable inference that the threat was directed at the woman.  See Commonwealth v. Lao, 443 Mass. 770, 779 (2005) (inferences drawn by fact finder "need only be reasonable and possible and need not be necessary or inescapable" [citation omitted]).

Finally, the defendant contends that there were no facts presented to establish reasonable apprehension of fear on the part of the woman.  Although the Commonwealth need not show that the recipient of a threat was actually placed in fear, it must establish that "the threat by its content in the circumstances was such as would cause the target of the threat to fear that

4

the threatened crime or injury might be inflicted." Commonwealth v. Maiden, 61 Mass. App. Ct. 433, 436 (2004). The standard is objective. See Commonwealth v. Kerns, 449 Mass. 641, 653 n.18 (2007). Here, the police were dispatched to the apartment, heard loud back and forth yelling from within the apartment, culminating in a threat to kill, in circumstances where the defendant and the woman were the only ones within the confines of the apartment. These circumstances were sufficient from which a fact finder could conclude a reasonable apprehension of fear. See Sholley, 432 Mass. at 725-726 (taking into consideration "demeanor" and "tone" where threat was made in context of "screaming" and "yelling").

The motion for required finding of not guilty was properly denied.

Judgment affirmed.

By the Court (Vuono, Sullivan & Singh, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered: April 25, 2023.

---

[4] The panelists are listed in order of seniority.

5